NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

v.

GREGORY JUSTIN HARDY, JR.,
*Appellant*.

No. 1 CA-CR 20-0583
FILED 2-15-2022

Appeal from the Superior Court in Yavapai County
No. P1300CR201900689
The Honorable Christopher L. Kottke, Judge, *Retired*

**AFFIRMED**

COUNSEL

Law Offices of Gonzales & Poirier, PLLC, Flagstaff
By Antonio J. Gonzales
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

---

**W E I N Z W E I G** , Judge:

¶1          Gregory Justin Hardy, Jr. appeals his convictions and sentences for second degree burglary, attempted robbery, aggravated assault and six counts of disorderly conduct.  After searching the record and finding no arguable, non-frivolous question of law, Hardy's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error.  Hardy had the opportunity to file a supplemental brief but did not.  After reviewing the record, we affirm Hardy's convictions and sentences.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          On a spring night in 2019, Hardy entered the unlocked front door of the victims' residence, where he encountered N.P., grabbed her arm and demanded money.  Hardy was drunk.  N.P.'s husband rushed to help. He screamed at Hardy to release N.P. and leave the home.  Hardy let her go.  She ran from the room but soon returned with a handgun, which she pointed at Hardy and threatened to shoot unless he left the house.  Hardy lifted his hands above his head, said he wanted to shake N.P.'s hand and took a step towards her.  She fired the gun at the ground.  Hardy would not leave, so she opened fire, twice striking Hardy in the left leg.

¶3          Hardy fled the house.  He had friends waiting outside in a white truck, including Troy Redmond, who picked him up and drove to Redmond's home.  Hardy passed out in transit, bleeding profusely.

¶4          The Yavapai County Sheriff's Office received 911 calls from the Perez and Redmond homes.  Sheriff's deputies found and arrested Hardy outside Redmond's home.  He was lying on the ground and covered in blood.

¶5          A grand jury indicted Hardy for second-degree burglary, attempted robbery, aggravated assault and six counts of disorderly conduct—one count for each person in the Perez house at the time of the

crime, including N.P. and her husband, their daughter and son-in-law, and two grandchildren. Prosecutors also alleged prior felony convictions under A.R.S. § 13-703.

**¶6** A six-day jury trial was held in September 2020. The jury found Hardy guilty on all counts, and found two aggravating circumstances: emotional impact to the victims and their family and pecuniary gain. Before sentencing, the superior court found that Hardy had at least two historical prior felonies, making him a category 3 repetitive offender. But the court also found mitigating factors, including family trauma, family support, loss of children, drug dependence and ongoing medical issues. After balancing the aggravating circumstances and mitigating factors, the court sentenced Hardy to the minimum possible sentence on each charge.

**¶7** Hardy timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A)(1).

## DISCUSSION

**¶8** We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none. Hardy was present and represented by counsel at all stages of the proceedings against him. The record reflects that the superior court afforded Hardy all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was enough to support the jury's verdicts. Hardy's sentences fall within the range prescribed by law, with sufficient credit given for presentence incarceration. We find no error on this record.

**¶9** Hardy's counsel asks us to correct the "Judgment and Sentencing [F]inding" to express that a minimum sentence was justified because the "mitigating factors outweighed the aggravating factors to justify the minimum sentence." We decline the request because the superior court found no such thing. The court only said, "when I balance everything out, I agree . . . I don't think you're the worst of the worst . . . and I think a ten-year prison sentence is appropriate. That's a minimum term."

**CONCLUSION**

¶10 Hardy's convictions and sentences are affirmed. Counsel's obligations in this appeal will end once Hardy is informed of the outcome and his future options, unless counsel finds an issue appropriate for the Arizona Supreme Court's review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Hardy has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA